**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CARLOS NAVA-ALONSO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-07389-JLT-EPG

A-Number: 222-615-475

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Carlos Nava-Alonso is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection, was not apprehended at or near the border, and was never placed in expedited removal. (Doc. 5 at 4.) Petitioner has no reported criminal history or criminal convictions. (*Id.* at 5; *see also* Doc. 1 at ¶ 6.) Petitioner is employed and has maintained a stable residence for the past two years. (Doc. 1 at ¶¶ 8-10.) He has significant ties to the United States, including many

nieces and nephews. (*Id.*) On September 1, 2026, Petitioner was encountered by ICE officers conducting surveillance in Huntsville, Utah. (Doc. 5 at 4.) Petitioner was then arrested and taken into custody for processing. (*Id.*) That same day, Petitioner was issued a warrant for arrest and a notice to appear. (*Id.* at 7, 9-12.) He was also served with a Notice of Custody Redetermination (Form I-286), but he did not request for an immigration judge to review his custody determination. (*Id.* at 14.) Petitioner is currently detained at California City Detention Facility in California City, California. (Doc. 1 at 1.)

On September 14, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 3-4.) On September 29, 2026, Petitioner appeared before an immigration judge for a custody redetermination hearing but withdrew his request. (Doc. 5 at 18.) On October 22, 2026, an immigration judge ordered Petitioner removed. (*See* Executive Office of Immigration Review Automated Case Information, *https://acis.eoir.justice.gov*). On November 16, 2026, Petitioner filed a timely appeal of the immigration judge's order with the Board of Immigration Appeals ("BIA"). (*Id.*) As Petitioner filed a timely appeal, his order of removal is not final. *See* 8 U.S.C. § 1101(a)(47)(B).

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondent concedes that pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026), the detention authority in this case is 8 U.S.C. § 1226 and Petitioner is

therefore entitled to seek a custody redetermination hearing before an immigration judge. (Doc. 5 at 1.) To the extent this suggests the argument that Petitioner should be required to exhaust remedies by requesting a bond hearing, this habeas petition is construed as a request for a bond hearing. Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials and is therefore entitled to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026); *see also R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026) (ordering a § 1226(a) bond hearing where there is no record of prior consideration of danger to the community or a flight risk,); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

5. The Clerk of Court is directed to serve California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: Nov. 24, 2026

JENNIFER L. THURSTON
U.S. District Judge